NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY CAPITAL I INC., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-TOP27, through its attorney-in-fact Centerline Servicing Inc.,<br><br>    Plaintiff,<br><br>    v.<br><br>ONE EXCHANGE PLACE ASSOCIATES LLC,<br><br>    Defendant. | Civil Case No. 09-2353 (FSH)<br><br>**OPINION**<br><br>Date: May 12, 2010 |

**HOCHBERG, District Judge**

**I.   INTRODUCTION**

Plaintiff Bank of America, as trustee, brings this action to foreclose on a mortgage. Defendant One Exchange Place Associates, L.L.C. borrowed $10,000,000, pursuant to a promissory note and secured by a mortgage on the subject property, known as One Exchange Place. Defendant is in default. Plaintiff claims to be the assignee of the note and mortgage. Plaintiff now moves for summary judgment.

**II.   BACKGROUND**

The following is a summary of the undisputed facts. On February 28, 2007, defendant executed a promissory note (the "Note") to Bear Stearns Commercial Mortgage, Inc. ("Bear Stearns"). On the same day, defendant executed a mortgage and security agreement (the "Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS").

Article 16 of the Note states: "This Note shall be deemed to be a contract entered into pursuant to the laws of the State of New York and shall in all respects be governed,

construed, applied and enforced in accordance with the laws of the State of New York." Section 18.1 of the Mortgage states:

> THIS SECURITY INSTRUMENT SHALL BE DEEMED TO BE A CONTRACT ENTERED INTO PURSUANT TO THE LAWS OF THE STATE OF NEW YORK AND ENFORCED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK, PROVIDED, HOWEVER, THAT WITH RESPECT TO THE CREATION, PERFECTION, PRIORITY AND ENFORCEMENT OF THE LIEN OF THIS SECURITY INSTRUMENT, AND THE DETERMINATION OF DEFICIENCY JUDGMENTS, THE LAWS OF THE STATE WHERE THE PROPERTY IS LOCATED SHALL APPLY.

Plaintiff is the successor by merger to LaSalle Bank, N.A. ("LaSalle"). Plaintiff avers that the Note and Mortgage were physically delivered to LaSalle, as trustee, on or before March 5, 2007 in anticipation of inclusion in a trust associated with a mortgage-backed securities offering by Morgan Stanley Capital I Inc. ("Morgan Stanley"). The sale of the Note and Mortgage from Bear Stearns to Morgan Stanley closed on July 30, 2007 and was documented in a Mortgage Loan Purchase Agreement (the "Purchase Agreement") dated July 19, 2007.

The Purchase Agreement identifies LaSalle as the trustee. It provides:

> 1.2 On the Closing Date, Purchaser will assign to the Trustee pursuant to the Pooling and Servicing Agreement all of its right, title and interest in and to the Mortgage Loans and its rights under this Agreement ..., and the Trustee shall succeed to such right, title and interest in and to the Mortgage Loans and Purchaser's rights under this Agreement...

It further provides:

> 2.2 All Mortgage Files, or portions thereof, delivered prior to the Closing Date are to be held by or on behalf of the Trustee in escrow on behalf of Seller at all times prior to the Closing Date. The Mortgage Files shall be released from escrow upon closing of the sale of the Mortgage Loans and payments of the purchase price therefor as contemplated hereby.

A Mortgage File is a defined term in the Purchase Agreement that includes such documents as the original Note and Mortgage.

Bear Sterns executed an undated document titled "Allonge." It purports to be

attached to and made a part of the Note and assigns Bear Stearns's interest in the Note to LaSalle. On May 15, 2009, a retroactive assignment of the Mortgage, effective July 1, 2007, was filed in Hudson County, New Jersey. It purported to assign the Mortgage from MERS to LaSalle.

With exception of the payment due August 1, 2008, defendant has not made any payments on the Note since April 2008.[1] Plaintiff notified defendant by letter dated February 23, 2009 that it was in default and demanded payment of the principal in full, plus interest and fees. Defendant failed to cure its default on the Note. Section 11.1(b) of the Mortgage grants the Lender the right to foreclose in the event of default. Plaintiff brought this foreclosure action on May 18, 2009.

### III.   STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), a motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, "summary judgment may be granted only if there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." *Miller v. Ind. Hosp.*, 843 F.2d 139, 143 (3d Cir. 1988). All facts and inferences must be construed in the light most favorable to the non-moving party. *Peters v. Del. River Port Auth.*, 16 F.3d 1346, 1349 (3d Cir. 1994). The judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.

---

[1] This is set forth in plaintiff's 56.1 statement, ¶¶ 11-16. In its responding 56.1 statement, ¶¶ 11-16, defendant replied only that it "contests the plaintiff's title to the Note and Mortgage." Since defendant did not contest that it failed to make the required monthly payments on the Note in its 56.1 statement (or elsewhere), it is deemed to be undisputed for the purposes of this motion, pursuant to Local Civil Rule 56.1(a).

"Consequently, the court must ask whether, on the summary judgment record, reasonable jurors could find facts that demonstrated, by a preponderance of the evidence, that the nonmoving party is entitled to a verdict." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 860 (3d Cir. 1990).

The party seeking summary judgment always bears the initial burden of production. *Celotex*, 477 U.S. at 323. This burden requires the moving party to establish either that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or to demonstrate that the nonmoving party has not shown the requisite facts relating to an essential element of an issue on which it bears the burden. *Id.* at 322-23. This burden can be "discharged by showing ... that there is an absence of evidence to support the nonmoving party's case." *Id*. Once the party seeking summary judgment has carried this initial burden, the burden shifts to the nonmoving party.

To avoid summary judgment, the nonmoving party must then demonstrate facts supporting each element for which it bears the burden, thus establishing the existence of a "genuine issue of material fact" justifying trial. *Miller*, 843 F.2d at 143; *accord Celotex*, 477 U.S. at 324. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id*. at 587 (quoting *First National Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). Further, summary judgment may be granted if the nonmoving party's "evidence is merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249-50.

IV.   **DISCUSSION**

    A.   **Choice of Law**

4

A federal court sitting in diversity applies federal procedural rules and the substantive law of the forum state – *i.e.*, New Jersey. *Chin v. Chrysler LLC*, 538 F.3d 272, 278 (3d Cir. 2008). The substantive law of New Jersey includes its conflicts of laws principles. *See Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941). The Note contains a choice of law clause specifying that it is to be construed in accordance with New York law. The parties agree that this provision is valid, and New Jersey courts generally uphold contractual choice of law provisions. *See Margulies v. Chase Manhattan Mortg. Corp.*, 2005 WL 2923580, at *7 (N.J. Super. Ct. App. Div. Nov. 7, 2005). Thus, New York law governs all issues related to the interpretation of the Note, including whether the Note was validly assigned to plaintiff's predecessor-in-interest, LaSalle.

The Mortgage contains a choice of law clause providing for the application of New York law, except with respect to the creation, perfection, priority, and *enforcement* of the lien, which are governed by the law of the state where the property is located: New Jersey. Plaintiff is enforcing the lien through foreclosure. In order to foreclose on a mortgage in New Jersey, the holder of a mortgage "must establish that (1) the mortgage and loan documents are valid; (2) the mortgage loan is in default; and (3) it has a contractual right to foreclose in light of the default." *U.S. Bank, N.A. v. Thomas*, 2010 WL 1029872, at *2 (N.J. Super. Ct. App. Div. Mar. 23, 2010). None of these three elements is in dispute.

### B. Plaintiff's Standing to Foreclose on the Mortgage

Defendant's sole defense is that plaintiff lacks standing to bring this foreclosure action. If the Note and Mortgage were not assigned to plaintiff (or its predecessor-in-interest), it is elementary that plaintiff may not foreclose on the Mortgage. Defendant argues that the documentation and affidavits submitted by plaintiff do not affirmatively establish that Bear Stearns assigned the Note and Mortgage to LaSalle, as trustee.

New York law governs whether the Note and Mortgage were validly assigned to LaSalle. Under New York law, Plaintiff may prove that the Note and Mortgage were validly assigned to it by establishing either 1) written assignment of the Note and Mortgage or 2) physical delivery of the Note and Mortgage. *See U.S. Bank, N.A. v. Collymore*, 890 N.Y.S.2d 578, 580 (2d Dep't 2009).

Plaintiff has submitted an affidavit averring that the Note and Mortgage were physically delivered to LaSalle on or before March 5, 2007, over two years before it filed suit. Plaintiff thereby satisfied its initial burden of production. Defendant has the burden to come forward with evidence to establish a triable issue of fact whether the Note and Mortgage were physically delivered. However, it has not submitted any evidence to rebut plaintiff's factual showing. Instead, defendant argues that the Note and Mortgage could not have been assigned to plaintiff on or before March 5, 2007, because according to Section 1.2 of the Purchase Agreement, the Note and Mortgage would be assigned to LaSalle, as trustee, on the Closing Date: July 30, 2007.

Defendant's argument is without merit. Plaintiff did not aver that the Note and Mortgage were assigned to LaSalle on or before March 5, 2007, rather that they were physically delivered to LaSalle on or before that date. Section 2.2 of the Purchase Agreement specifically provides that Mortgage Files, such as the Note and Mortgage, may be physically delivered prior to the Closing Date (July 30, 2007). In that circumstance, LaSalle would hold them in escrow until the Closing Date, at which point the assignment would become valid.[2] The terms of the Purchase Agreement do not contradict plaintiff's averments in any way. They suggest only that,

---

[2] Plaintiff has submitted evidence in support of its alternative argument that the Note and Mortgage were validly assigned to its predecessor-in-interest, as trustee, in writing. Since there is no genuine dispute that the Note and Mortgage were physically delivered to LaSalle prior to the date plaintiff filed suit, May 18, 2009, the Court need not reach this argument.

if plaintiff received the Note and Mortgage on or before March 5, 2007 (as plaintiff avers), it held them in escrow until July 30, 2007. The terms of the Purchase Agreement do not establish a triable issue of material fact whether plaintiff was assigned the Note and Mortgage by physical delivery at any time after July 30, 2007, when the documents would have been released from escrow. Plaintiff has standing when it brought suit on May 18, 2009. Since defendant has failed to meet its burden, as set forth by the Supreme Court, to create a triable issue of fact, plaintiff is entitled to summary judgment.

Defendant borrowed $10,000,000 and has not made any payments on the loan since mid-2008. Defendant does not dispute these facts. It has predicated its entire case on the argument that plaintiff, as trustee, lacks standing because it is not the "true" owner of the Note and Mortgage. Yet defendant has not represented that it intends to satisfy its debt vis-à-vis the true owner of the debt. Rather, defendant's argument appears calculated only to engender "metaphysical doubt as to material facts" and amounts to nothing more than a ploy to delay or escape its obligations under the loan. It is insufficient to avoid summary judgment.

## V. CONCLUSION

For the reasons set forth in this opinion, plaintiff's motion for summary judgment is granted. An appropriate order will issue.

  /s/  Faith S. Hochberg    
Hon. Faith S. Hochberg, U.S.D.J.